UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE INGRAHAM, HOLLY INGRAHAM,

                          Plaintiffs,

v.                                                             5:20-CV-1186
                                                                 (GLS/TWD)

MAYFIELD STATE TROOPERS, PETER WELCH,

                          Defendants.
_____

APPEARANCES:

BRUCE INGRAHAM
HOLLY INGRAHAM
Plaintiffs, *pro se*
2455 Rt. 8
Apartment 2
P.O. Box 861
Lake Pleasant, New York 12108

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

Bruce and Holly Ingraham ("Plaintiffs") filed an action against the Mayfield State Troopers ("State Troopers") and Peter Welch[1] ("Welch") (collectively, "Defendants"). (Dkt. No. 1.) Currently before the Court are Plaintiffs' applications to proceed *in forma pauperis* ("IFP Applications"). (Dkt. Nos. 2, 3.) As noted herein, the Court grants Plaintiffs' IFP Applications, necessitating further review relative to whether the pleading meets 28 U.S.C. § 1915(e)'s

---

[1] Plaintiffs use different spellings for Peter Welch in various places in the complaint. To that end, he is referred to as "Peter Welech" and as "Peter Welch." (*See, e.g.*, Dkt. No. 1. at 2 ("Welech"), 4 ("Welch").) In any amended pleading, Plaintiff is directed to inform the Court of the correct spelling for this putative defendant.

sufficiency standards.  For the reasons discussed below, the Court recommends Plaintiffs' complaint be dismissed with leave to replead.

**I.     IFP APPLICATIONS**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiffs' IFP Applications (Dkt. Nos. 2, 3), the Court finds Plaintiffs meet this standard.  Therefore, their IFP Applications are granted. [2]

**II.    SUFFICIENCY OF THE COMPLAINT**

**A.     Standard of Review**

28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id*.  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable

---

[2]  Plaintiffs should note that, although the application to proceed *in forma pauperis* has been granted, they will still be required to pay fees that they may incur in this action, including copying and/or witness fees.

2

inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding *pro se*, the Court construes her pleadings "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

  **B.**  **Summary of the Complaint**

Plaintiffs' complaint is a fill-in-the-blank form purporting to be an action brought pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) In the facts section, Plaintiffs allege the State Troopers were dispatched to their apartment on September 15, for a noise complaint. *Id*. at 2. Plaintiffs assert they complained about loud music and a sound of something on wheels in the

apartment below. *Id*. at 3. Plaintiffs allege the sounds increased Holly Ingraham's blood pressure, disturbed an unrelated cervical injury, and disrupted her ability to sleep. *Id*. According to Plaintiffs, after they waited around a half an hour, they were told the State Troopers were not coming because of the "current pandmic [sic] virus," and that it was a "landlord issue." *Id*. Plaintiffs then called the Hamilton County Sherriff Department and a deputy eventually arrived. *Id*. It appears the music was thereafter shut off. *Id*. Plaintiffs claim the State Police failed to do their job and respond to a person in need of help. *Id*.

Plaintiffs' allegations related to Welch are harder to discern. It appears Plaintiffs contend Welch falsely accused them of noise complaints in the past involving "barking dogs, loud music, and so call[ed] screaming." *Id*. at 4. Moreover, Plaintiffs seem to argue Welch apparently gave Plaintiffs a room at a hotel near rude guests. *Id*. at 5. The remainder of the complaint is unintelligible but appears to involve Welch's dogs. *Id*. at 5-8.

### C. Discussion[3]

Plaintiffs' complaint, although it indicates it is a constitutional claim, fails to provide sufficient factual information for the Court to review or for Defendants to have notice of the claims against them. The haphazard collection of facts and allegations does not provide any indication of the causes of action Plaintiffs intend to assert or whether this Court has jurisdiction over the action. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

---

[3] The Court notes Plaintiffs filed several other actions in this District at the same time they filed this action. *See Ingraham v. Palantine Motel*, 1:20-CV-1187 (GTS/ML); *Ingraham v. Casey*, 1:20-CV-1188 (DNH/CFH); *Ingraham v. Saint Mary Hospital*, 1:20-CV-1189 (MAD/CFH); *Ingraham v. Hartford Conniceut Insurance*, 1:20-CV-1190. Plaintiffs have also filed actions before in this court that have been dismissed. *See Ingraham v. Red Carpet Housing, Corp.*, 1:17-CV-1076 (GLS/CFH); *Ingraham v. Cumo*, 1:20-CV-147 (TJM/CFH).

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Rule 8's purpose "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .

Fed. R. Civ. P. 10(b). Rule 10's purpose is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citation omitted).

A complaint that does not comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted).

Here, the Court recommends the complaint be dismissed because it is not acceptable under Rules 8 and 10 of the Federal Rules of Civil Procedure and Plaintiffs' claims are entirely

unclear. However, considering their *pro se* status, the Court further recommends Plaintiffs be given an opportunity to amend the Complaint to comply with the basic pleading requirements set forth above. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

## III.   CONCLUSION

For the reasons stated above, the Court grants Plaintiffs' IFP applications but recommends their complaint be dismissed with leave to replead.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' IFP Applications (Dkt. Nos. 2, 3) are **GRANTED** solely for purposes of initial review; and it is further

**RECOMMENDED** that Plaintiffs' complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation along with a copy of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

---

[4] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: November 25, 2020
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

7

1998 WL 832708
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Theodore HUDSON, Plaintiff,
v.
Christopher ARTUZ, Warden Philip
Coombe, Commissioner Sergeant
Ambrosino Doctor Manion Defendants.

No. 95 CIV. 4768(JSR).
|
Nov. 30, 1998.

**Attorneys and Law Firms**

Mr. Theodore Hudson, Great Meadow Correctional Facility, Comstock.

Alfred A. Delicata, Esq., Assistant Attorney General, New York.

MEMORANDUM AND ORDER

BUCHWALD, Magistrate J.

 *1  Plaintiff Theodore Hudson filed this *pro se* action pursuant to 42 U.S.C. § 1983 on April 26, 1995. Plaintiff's complaint alleges defendants violated his constitutional rights while he was an inmate at Green Haven Correctional Facility.[1] Plaintiff's complaint was dismissed *sua sponte* by Judge Thomas P. Griesa on June 26, 1995 pursuant to 28 U.S.C. § 1915(d). On September 26, 1995, the Second Circuit Court of Appeals vacated the judgment and remanded the case to the district court for further proceedings.

The case was reassigned to Judge Barbara S. Jones on January 31, 1996. Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(c) on November 25, 1996. Thereafter, the case was reassigned to Judge Jed S. Rakoff on February 26, 1997. On February 26, 1998, Judge Rakoff granted defendants' motion to dismiss, but vacated the judgment on April 10, 1998 in response to plaintiff's motion for reconsideration in which plaintiff claimed that he never received defendants' motion to dismiss.

By Judge Rakoff's Order dated April 14, 1998, this case was referred to me for general pretrial purposes and for a Report and Recommendation on any dispositive motion. Presently pending is defendants' renewed motion to dismiss. Plaintiff filed a reply on July 6, 1998. For the reasons discussed below, plaintiff's complaint is dismissed without prejudice, and plaintiff is granted leave to replead within thirty (30) days of the date of the entry of this order.

FACTS

Plaintiff alleges that he was assaulted by four inmates in the Green Haven Correctional Facility mess hall on March 14, 1995. (Complaint at 4.) He alleges that he was struck with a pipe and a fork while in the "pop room" between 6:00 p.m. and 6:30 p.m. (Complaint at 4–5.) Plaintiff contends that the attack left him with 11 stitches in his head, chronic headaches, nightmares, and pain in his arm, shoulder, and back. (*Id.*) Plaintiff also states that Sergeant Ambrosino "failed to secure [the] area and separate" him from his attackers. (Reply at 5.) Plaintiff's claim against Warden Artuz is that he "fail [sic] to qualify as warden." (Complaint at 4.) Plaintiff names Commissioner Coombes as a defendant, alleging Coombes "fail [sic] to appoint a qualified warden over security." (Amended Complaint at 5.) Plaintiff further alleges that Dr. Manion refused to give him pain medication. (Complaint at 5.) Plaintiff seeks to "prevent violent crimes" and demands $6,000,000 in damages. (Amended Complaint at 5.)

Defendants moved to dismiss the complaint, arguing that: (1) the Eleventh Amendment bars suit against state defendants for money damages; (2) the plaintiff's allegations fail to state a claim for a constitutional violation; (3) the defendants are qualifiedly immune from damages; and (4) plaintiff must exhaust his administrative remedies before bringing this suit.

DISCUSSION

I find that plaintiff's complaint runs afoul of Rules 8 and 10 of the Federal Rules of Civil Procedure and dismiss the complaint without prejudice and with leave to amend. Federal Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive

answer [and] prepare an adequate defense." *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995) (quoting *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977)); *see Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (stating that the "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial").

**\*2** Rule 10 of the Federal Rules of Civil Procedure requires, *inter alia,* that the allegations in a plaintiff's complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances. *Moore's Federal Practice,* Vol. 2A, ¶ 10.03 (1996). Rule 10 also requires that each claim upon which plaintiff seeks relief be founded upon a separate transaction or occurrence. *Id.*[2] The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading." *Sandler v. Capanna,* 92 Civ. 4838, 1992 WL 392597, \*3 (E.D.Pa. Dec.17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1323 at 735 (1990)).

A complaint that fails to comply with these pleading rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of" a plaintiff's claims. *Gonzales v. Wing,* 167 F.R.D. 352, 355 (N.D.N.Y.1996). It may therefore be dismissed by the court. *Id.; see also Salahuddin v. Cuomo,* 861 F.2d at 42 ("When a complaint does not comply with the requirement that it be short and plain, the court has the power to, on its own initiative, ... dismiss the complaint"). Dismissal, however, is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* In those cases in which the court dismisses a *pro se* complaint for failure to comply with Rule 8, it should give the plaintiff leave to amend when the complaint states a claim that is on its face nonfrivolous. *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995).

In determining whether a nonfrivolous claim is stated, the complaint's allegations are taken as true, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint of a *pro se* litigant is to be liberally construed in his favor when determining whether he has stated a meritorious claim. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even if it is difficult to determine the actual substance of the plaintiff's complaint, outright dismissal without leave to amend the complaint is generally disfavored as an abuse of discretion. *See Salahuddin,* 861 F.2d at 42–42; *see also Doe v. City of New York,* No. 97 Civ. 420, 1997 WL 124214, at \*2 (E.D.N.Y. Mar.12, 1997).

Here, plaintiff's *pro se* complaint fails to satisfy the requirements of Federal Rules 8 and 10. The complaint is often illegible and largely incomprehensible, scattering what appear to be allegations specific to plaintiff within a forest of headnotes copied from prior opinions. Defendants have answered with a boilerplate brief, which is perhaps all a defendant can do when faced with such a complaint. The Court is left with an insurmountable burden in attempting to make a reasoned ruling on such muddled pleadings.

**\*3** Although plaintiff's complaint is substantially incomprehensible, it appears to plead at least some claims that cannot be termed frivolous on their face. For example, plaintiff clearly alleges that inmates assaulted him and that Dr. Manion refused to provide him medical attention. He also appears to assert that Sergeant Ambrosino failed to protect him from the attack or take steps to prevent future attacks. (Plaintiff's Reply at 5). It is well established that an inmate's constitutional rights are violated when prison officials act with deliberate indifference to his safety or with intent to cause him harm. *Hendricks v. Coughlin,* 942 F.2d 109 (2d Cir.1991). It is similarly well established that an inmate's constitutional rights are violated when a prison doctor denies his request for medical care with deliberate indifference to the inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hathaway v. Coughlin,* 37 F.3d 63 (2d Cir.1994), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). Although plaintiff provides few facts to support his allegations, I disagree with defendants' assertion that outright dismissal is appropriate because it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Defendant's Memorandum at 5 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Because plaintiff's complaint does not comply with Rules 8 and 10, it is hereby dismissed without prejudice, and plaintiff is granted leave to replead within thirty (30) days of the date of the entry of this Order. In drafting his second amended complaint, plaintiff is directed to number each paragraph and order the paragraphs chronologically, so that each incident in which he alleges a constitutional violation is described in the order that it occurred. Plaintiff is also directed to specifically describe the actions of each defendant that caused plaintiff harm, and to do so in separate paragraphs for each defendant. Plaintiff's complaint shall contain the facts specific to the incidents plaintiff alleges occurred, and not any facts relating to any case that has been decided previously by a court of law. Plaintiff's complaint shall also contain a clear statement of the relief he seeks in addition to monetary damages.

CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice, and plaintiff is granted leave to replead within thirty (30) days of the date of the entry of this Order.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 1998 WL 832708

## Footnotes

1  Plaintiff is presently incarcerated at Sullivan Correctional Facility.
2  Rule 10 states:
   (b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

**End of Document**                                        © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:20-cv-01186-GLS-TWD   Document 10   Filed 11/25/20   Page 11 of 14

Sandler v. Capanna, Not Reported in F.Supp. (1992)

1992 WL 392597
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Saul Zalman SANDLER
v.
Robert CAPANNA.

Civ.A. No. 92–4838.
|
Dec. 17, 1992.

**Attorneys and Law Firms**

Saul Zalman Sandler, pro se.

Michael G. Tierce, Schnader, Harrison, Segal & Lewis, Philadelphia, for defendant.

MEMORANDUM

PADOVA, District Judge.

*1 Proceeding *pro se,* plaintiff Saul Zalman Sandler initiated this action against defendant Robert Capanna, Director of the Settlement Music School, alleging that Capanna discriminatorily failed to hire him because of his religion and gender. Capanna has moved to dismiss Sandler's complaint with prejudice for the following reasons: (1) failure to state a claim, Fed.R.Civ.P. 12(b)(6); (2) failure to set forth the complaint in separated and numbered paragraphs, Fed.R.Civ.P. 10(b); (3) failure to set forth grounds for this Court's jurisdiction, Fed.R.Civ.P. 8(a)(1); and (4) lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1). Sandler has not filed a response to Capanna's motion.[1] For the following reasons, I will deny Capanna's motion but order Sandler to amend his complaint.

BACKGROUND

The following pertinent factual allegations can be found in or inferred from Sandler's complaint. As early as 1978, Sandler was told by a dean of the faculty of the Settlement Music School (the "School") that he was qualified to teach violin at the School. In 1981, the School offered Sandler a part-time position as a music teacher, which he was unable to accept due to other commitments. In 1986, Sandler applied for a position as a violin teacher and was interviewed briefly without an audition by School director Capanna. Capanna did not offer Sandler a position at the School at that time. Five years later, in 1991, Sandler reapplied to the School. For the stated reason that he believed that Sandler was unable to communicate with children, Capanna again refused to hire Sandler.[2] Sandler alleges that since 1991, none of the School's employees have been of male Jewish descent and that Capanna's decision not to hire him was the result of "a definite predisposition of discrimination against male Jews ... by Capanna." *See* Complaint.

I. *Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6)*

Capanna first urges dismissal of Sandler's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding such a motion, I must view all factual assertions in the complaint and all reasonable inferences drawn from them as true. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d Cir.), *cert. denied,* 111 S.Ct. 2839 (1991). Only if Sandler's complaint alleges no set of facts upon which relief can be granted may I dismiss the complaint. *See id.*

In evaluating the adequacy of this particular complaint, however, I must keep two additional factors in mind. First, I must consider that Sandler is a *pro se* litigant and that complaints prepared by such litigants are subject to less stringent standards than complaints filed by licensed attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992). Second, because the complaint appears to involve a civil rights claim in that Sandler complains of discrimination based upon his religion and gender, I must review the complaint to ensure that it contains specific factual allegations in support of his claim for relief. *See, e.g., Kauffman v. Moss,* 420 F.2d 1270, 1275–76 (3d Cir.1970), *cert. denied,* 400 U.S. 846 (1970).

*2 Capanna contends that Sandler's two page, narrative complaint fails to state a cause of action because it does not specifically plead any recognized law upon which this court could base relief from the alleged acts of discrimination. I disagree. Sandler's complaint "need only state a set of facts giving rise to a claim, and not the legal theory behind the claim, so long as the defendant has enough information to

Case 1:20-cv-01186-GLS-TWD  Document 10  Filed 11/25/20  Page 12 of 14

**Sandler v. Capanna, Not Reported in F.Supp. (1992)**

frame an answer and to commence discovery." *Barlow v. Pep Boys, Inc.* 625 F.Supp. 130, 132 (E.D.Pa.1985) (citing *Moorish Science Temple of America, Inc. v. Smith,* 693 F.2d 987, 989 (2d Cir.1982)). I find that Sandler's complaint arguably pleads sufficient factual allegations to state claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e *et seq.* (West 1981) ("Title VII"), and/or 42 U.S.C.A. § 1981 (West Supp.1992) and that it provides defendant with enough information to frame an answer and conduct discovery.

To state a claim under Title VII, Sandler must plead that (1) he belongs to a class entitled to protection under Title VII and (2) in refusing to hire him, Capanna treated him differently from others similarly situated who were not members of the protected class. *See Barlow,* 625 F.Supp. at 132 (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)). In his complaint, Sandler alleges that although the School had vacant positions for violin teachers and that he was qualified to teach violin, Capanna refused to hire him solely because he is a Jewish male. Discrimination in employment based upon religion and gender are prohibited under section 703(a) of Title VII, 42 U.S.C. § 2000e–2(a). I therefore conclude that Sandler's complaint states a cause of action under Title VII.

Sandler's complaint also states a cause of action under 42 U.S.C.A. § 1981, which "prohibits intentional racial discrimination in making and enforcing contracts and in securing 'equal benefits of all laws and proceedings.' " *Barlow,* 625 F.Supp. at 133 (quoting 42 U.S.C. § 1981). In addition to the elements required to state a cause of action under Title VII, discriminatory *intent* must be alleged to state a cause of action under section 1981. *See Croker v. Boeing Co. (Vertol Div.),* 662 F.2d 975, 989 (3d Cir.1981). Averments that Capanna's discriminatory conduct was "willful and intentional" and that none of the School's employees as of November 1991 were males of Jewish descent satisfy this requirement. *See* Complaint.

Sandler's complaint also provides sufficient information from which Capanna can frame an answer and conduct discovery. In addition to the foregoing analysis demonstrating that Sandler's complaint states causes of action under the Title VII and section 1981, I also note that attached to his complaint is a "Notice of Right to Sue" form from the Equal Employment Opportunity Commission ("EEOC"). This form indicates that Sandler has filed with the EEOC a charge under Title VII and that the EEOC will not process the charge any further. I find that the factual allegations in the complaint, read in conjunction with the legal inferences fairly drawn from this form, provide Capanna with sufficient information with which to frame an answer and conduct discovery. At a minimum, these two documents indicate that Sandler's claim is more than likely based upon Title VII. It is not too much to conclude that section 1981 is also implicated. Finally, because I do agree that there is some ambiguity, I will require Sandler to amend his complaint to state specifically the legal theories upon which he bases his right to recovery. As this ambiguity can be easily cured by amendment, I find that dismissal would be unduly harsh, and I will accordingly deny Capanna's motion on this ground.

**\*3** As an alternative ground for dismissal under Fed.R.Civ.P. 12(b)(6), Capanna argues that Sandler failed to aver that he exhausted his administrative remedies before filing the instant action. Under Title VII, a plaintiff must file a charge with the EEOC or, in Pennsylvania, with the Pennsylvania Human Relations Commission ("PHRC"), before bringing suit in federal court. *See Trevino–Barton v. Pittsburgh Nat'l Bank,* 919 F.2d 874, 878 (3d Cir.1990). If a charge filed with the EEOC or PHRC is dismissed, or the agency has not filed an action within 180 days of the filing of the charge, administrative remedies are deemed exhausted and the plaintiff may file suit in federal court. *See* 42 U.S.C.A. § 2000e–5(f). Sandler attached to his complaint a "Notice of Right to Sue" form from the EEOC, stating that the EEOC was terminating further processing of a charge filed by Sandler with the Commission more than 180 days earlier. Although the form does not expressly state the factual allegations involved in the charge or against whom the charge was made, I note that it does contain a notation that a copy was sent to the Settlement Music School. Viewed in the light most favorable to Sandler, I will infer that the charge referred to in the form involved the occurrence complained of in Sandler's complaint. Accordingly, I find that Sandler's complaint contains sufficient information with which to indicate that he has exhausted his administrative remedies. I will therefore deny Capanna's motion to dismiss Sandler's complaint pursuant to Fed.R.Civ.P. 12(b)(6).

Case 1:20-cv-01186-GLS-TWD   Document 10   Filed 11/25/20   Page 13 of 14

**Sandler v. Capanna, Not Reported in F.Supp. (1992)**

II. *Motion to Dismiss Under Fed.R.Civ.P. 10(b)*

Capanna also requests that I dismiss Sandler's complaint for failure to comply with Fed.R.Civ.P. 10(b). Rule 10(b) provides that "all averments of a claim or defense shall be made in numbered paragraphs...." The purpose behind this Rule 10(b) is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading or for cross-referencing within a single pleading." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1323 at 735 (1990). Capanna argues that Sandler's complaint violates this rule because it is essentially a narrative document comprised of two unnumbered paragraphs. I agree with Capanna that, as written, the complaint does not provide defendant with a reasonable mode of reference for future pleadings. I will therefore order that Sandler amend his complaint to place each allegation into a separate paragraph pursuant to Rule 10(b). As Sandler is proceeding *pro se,* however, I will not dismiss his complaint for this reason.

III. *Motion to Dismiss Under Fed.R.Civ.P. 8(a)(1)*

Capanna next contends that Sandler's complaint should be dismissed for failure to satisfy the requirements of Fed.R.Civ.P. 8(a)(1). Rule 8(a)(1) requires that complaints contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." This jurisdictional prerequisite, however, is satisfied where the party seeking federal jurisdiction asserts a substantive claim under a federal statute. See *Chasis v. Progress Mfg. Co.,* 382 F.2d 773, 776 (3d Cir.1967). As I discussed above, Sandler has arguably asserted substantive claims under Title VII and 42 U.S.C.A. § 1981. Therefore, I find that Sandler's complaint meets the intent of Fed.R.Civ.P. 8(a)(1) and will deny Capanna's motion to dismiss based upon this ground.

IV. *Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1)*

**\*4** Lastly, Capanna seeks to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). To grant a motion to dismiss under Rule 12(b)(1), I must find that the complaint is legally insufficient. See *Kehr,* 926 F.2d at 1408. Capanna argues that Sandler's complaint is legally insufficient because Sandler failed to plead any federal law upon which this Court could base its jurisdiction. I reject Capanna's argument. As discussed above, Sandler arguably asserts claims under Title VII and 42 U.S.C. § 1981. The jurisdiction of this court is, therefore, proper because a federal question has been raised. See 28 U.S.C. § 1331. Accordingly, I will deny Capanna's motion to dismiss the complaint for failure to comply with Fed.R.Civ.P. 12(b)(1).

An appropriate order follows.

ORDER

AND NOW, this 9th day of December, 1992, upon consideration of defendant's Motion to Dismiss the Complaint (Docket No. 2) and all papers filed in support thereof, it is hereby ORDERED that:

1. Defendant's motion to dismiss is DENIED for the reasons stated in the accompanying Memorandum.

2. Within twenty (20) days from the date of this Order, plaintiff shall file with the Clerk of Court and serve upon opposing counsel an amended complaint in accordance with the accompanying Memorandum. Specifically, plaintiff shall: (a) state with particularity each and every legal theory upon which his claim for relief is based and (b) reorganize his complaint so that each and every factual and legal allegation are set forth in separate, numbered paragraphs.

3. Within twenty (20) days from the date plaintiff serves his amended complaint, defendant shall file and serve his answer to said amended complaint.

**All Citations**

Not Reported in F.Supp., 1992 WL 392597

**Footnotes**

Case 1:20-cv-01186-GLS-TWD   Document 10   Filed 11/25/20   Page 14 of 14

**Sandler v. Capanna, Not Reported in F.Supp. (1992)**

1   Sandler has sent a letter to the Court, urging that Capanna's motion be denied. There is no indication, however, that this document was filed with the Clerk of Court or served upon opposing counsel, as required by Fed.R.Civ.P. 5(a), (d) and (e). Therefore, I will not consider it as a responsive pleading.

2   Sandler alleges that the School is open to all ages, not just to children.